*Christopher Moore v. United States of America*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of November, two thousand twenty one.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             GERARD E. LYNCH,
                         *Circuit Judges*.

---

CHRISTOPHER MOORE,

                 *Petitioner-Appellant*,

             v.                                               16-3715-pr

UNITED STATES OF AMERICA,

                 *Respondent-Appellee*.

---

Appearing for Appellant:     Daniel Habib, Yuanchung Lee, Federal Defenders of New York, Inc. Appeals Bureau, New York, N.Y.

Appearing for Appellee:     Lara Treinis Gatz, Amy Busa, Assistant United States Attorneys, *for* Breon S. Peace, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the opinion and order of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** in part.

Christopher Moore appeals from the September 6, 2016 opinion and order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) denying his petition pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Moore first argues that his conviction on Count 10 under 18 U.S.C. § 924(c), predicated on murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) ("VICAR murder"), should be vacated because VICAR murder is not a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) after *United States v. Davis*, 139 S.Ct. 2319 (2019). Count Ten was premised on Count One, which alleged:

> On or about January 1, 2001, within the Eastern District of New York, the defendants . . . CHRISTOPHER MOORE, . . ., for the purposes of maintaining and increasing their positions in the Nètas, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Giovanni Aguilar, an individual whom they believed to be a member of MS-13, in violation of New York Penal Law Section 125.25(1).

Whether an offense is a "crime of violence" under 18 U.S.C. § 924(c) is a question of law that this court reviews de novo. *See United States v. Bordeaux*, 886 F.3d 189, 192 (2d Cir. 2018). The elements clause of § 924(c) defines a "crime of violence" by looking at whether the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(c)(3)(A). "We look to [the statute of conviction] in identifying the elements of a crime, but to federal law in determining 'whether the consequences of the conduct that those elements require[ ] . . . render[ ] conviction for that conduct a "[crime of violence]" under federal law.'" *United States v. Scott*, 990 F.3d 94, 104 (2d Cir. 2021) ("*Scott II*") (citing *Villanueva v. United States*, 893 F.3d 123, 129 (2d Cir. 2018)). This process "triggers a categorical inquiry to determine the minimum criminal conduct necessary to satisfy the elements of a crime, without regard to whether the defendant himself engaged in more egregious conduct." *Id.* (citing *United States v. Stitt*, 39 S. Ct. 399, 405 (2018)). Moore argues that his conviction for VICAR murder cannot be a Section 924(c)(3)(A) "crime of violence" because VICAR murder may encompass reckless conduct and non-forceful felony murder. Moore concedes that the indictment stated that he was charged for VICAR intentional murder in violation of N.Y.P.L. § 125.25(1).

Moore relies on *United States v. Bagaric* and *United States v. Diaz* for the proposition that a district court need not prove or charge the jury on the state law elements of RICO and VICAR offenses, including murder, and may instead rely on "accurate generic definitions of the crimes charged." 706 F.2d 42, 63 (2d Cir. 1983); *but see United States v. Carrillo*, 229 F.3d 177,

185 (2d Cir. 2000) (discussing the implications of *Bagaric* and stating that despite *Bagaric*, "district judges conventionally instruct juries on the elements of the state law offenses charged as predicate acts"). Moore argues that because *Bagaric* and *Diaz* allow a jury instruction to include the generic definition of murder, and because, in theory, this generic definition encompasses reckless murder and felony murder, his conviction for VICAR murder is not a "crime of violence" under Section 924(c)(3)(A).

But Moore's reading of *Bagaric* and *Diaz* ignores the fact that this Court has narrowed the holdings and the practical effect of those cases and called into question their viability. *See United States v. Carillo*, 229 F.3d 177, 183-186 (2d Cir. 2000). Moreover, Moore's arguments fail even under the broadest reading of *Bagaric* and *Diaz*. Moore does not dispute that he was charged under 18 U.S.C. § 1959(a)(1) with VICAR intentional murder in violation of NYPL § 125.25(1). Nor does he allege that the jury convicted him for behavior that was anything other than intentional murder.[1] Instead, Moore's contention—that a defendant could be charged with VICAR intentional murder in violation of NYPL § 125.25(1) and yet be convicted for behavior constituting reckless or felony murder—is purely hypothetical. As we have instructed, that is not enough. *See United States v. Hill*, 890 F.3d 51, 56 (2d Cir. 2018) (to successfully claim that the predicate statute's definition sweeps more broadly than the definition of a "crime of violence," a defendant "must at least point to his own case or other cases in which the . . . courts did apply the statute in the . . . manner for which he argues") (internal quotation marks omitted). We therefore hold that the district court correctly concluded that VICAR intentional murder constitutes a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A).[2]

Moore also argues—and the government concedes—that his convictions on Counts 11-12 and 14-16 should be vacated. Accordingly, we VACATE those convictions.

We have considered the remainder of appellant's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part and VACATED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] As Moore acknowledges, our case law makes clear that intentional murder as defined in NYPL § 125.25(1) is itself a crime of violence. *See Scott II*, 990 F.3d at 100 (rejecting contention that New York first-degree manslaughter is not a crime of violence in part because the logic of that contention "would preclude courts from recognizing even intentional murder as a categorically violent crime"). Though Moore argues that *Scott II* was wrongly decided, that case is authoritative in this Circuit, the Supreme Court having denied further review of its holding, 2021 WL 4822682 (Oct. 18, 2021).

[2] We express no views, however, on whether a conviction under 18 U.S.C. § 1959(a)(1) for VICAR depraved-heart murder or felony murder constitutes a "crime of violence" for purposes of 18 U.S.C. § 924(c)(3)(A).